154

No. 21983.

ARTHUR R. WHITE, D/B/A UNITED TRAILER REPAIR, INC.
v. F. A. HECKENDORF, INC., A COLORADO CORPORATION.
(433 P.2d 113)

Decided November 6, 1967.

GEORGE A. HINSHAW, for plaintiff in error.

DYER and SWENSON, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE MOORE.

DEFENDANT in error, as plaintiff in the trial court, recovered a judgment against Arthur R. White in the amount of $928.52 for goods sold and delivered. In his answer to the complaint filed by F. A. Heckendorf, Inc., White alleged as an affirmative defense that any moneys due plaintiff for goods sold and delivered, as set forth

in the complaint, were payable by United Trailer Repair, Inc. and not by White, and that the "parties agreed to look to United Trailer Repair, Inc. for payment for goods sold and delivered and not to the defendant Arthur R. White individually."

Trial was to the court. The evidence offered by plaintiff established a prima facie case of individual liability on the part of White. No evidence was offered by White to establish his affirmative defense, and the court thereupon entered judgment as hereinabove indicated.

■ If we correctly understand the argument made by counsel for reversal of the judgment, it is, that since his answer disclaimed personal liability of White and alleged that a corporate entity was solely responsible for payment of the claim, plaintiff had the burden of disproving this allegation contained in the answer of the defendant White. This contention is urged upon us notwithstanding that a clear case of personal liability was established by the plaintiff. We know of no authority which requires a plaintiff, in presenting his case in chief, to negative affirmative defenses set forth in the answer of a defendant.

■ The argument made on the question of "corporation by estoppel" was not raised upon the trial by appropriate pleading; was not mentioned in the motion for new trial; and was advanced for the first time in this court. Accordingly, even if applicable to the facts of this case — which it is not — it is not available to plaintiff in error.

The judgment is affirmed.

MR. JUSTICE MCWILLIAMS, MR. JUSTICE PRINGLE and MR. JUSTICE HODGES concur.